In the Matter of IGNACE I. APFEL, an Attorney, Respondent.

First Department, July 14, 1922.

Attorney and client — disciplinary proceedings — attorney censured for aiding and advising client to dispose of his property to prevent collection of judgment against him.

An attorney at law who knowingly aids and advises his client, a judgment debtor, to transfer and dispose of his property for the purpose of hindering and preventing a judgment creditor from realizing on his judgment, is guilty of misconduct; but where it appears that there was no betrayal of the client's interests and that personal gain was not the motive, a condemnation of such action and a censure constitute sufficient punishment.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie*, for the petitioner.

*Abraham Tulin* [*Charles Goldzier* with him on the brief], for the respondent.

CLARKE, P. J.:

The respondent was admitted to practice as an attorney and counselor at law at the June, 1896, term of the Appellate Division, First Department. The petition alleges that the respondent has been guilty of misconduct as an attorney at law: (1) That the respondent advised and assisted his client Michael Streep to dispose of his property in order to prevent a judgment creditor from levying thereon after orders had been issued by the court in supplementary proceedings containing injunctions against the disposition of such property without knowledge of the issuance of such orders. (2) That the respondent was found guilty of a contempt of court in a proceeding brought against him in which it was found against him among other things: That on or about the 15th of July, 1915, the relationship of attorney and client between respondent and Michael Streep, judgment debtor, existed and has continued up to and including the 23d day of April, 1917; that by reason of the said

relationship respondent as attorney for the said Streep did have knowledge and notice of judgment existing unsatisfied against the said Streep and did have knowledge and notice of each and every proceeding had therein particularly the orders dated respectively July 15, 1915, and October 8, 1915; that the respondent and Streep did knowingly, willfully and deliberately violate the order of this court dated July 15, 1915, in that they did on the 6th day of October, 1915, cause to be incorporated the firm of Streep & Hill, Incorporated, and did transfer all the assets and property of Streep & Hill in which the defendant judgment debtor had a half interest in said corporation in violation of said order; that respondent and said Streep did knowingly, willfully and deliberately violate the order of this court dated October 8, 1915, in that they caused to be filed in the Surrogate's Court in the county of Kings an assignment dated the 13th day of June, 1916, wherein and whereby the said Streep did set over and assign unto respondent his attorney all his right, title and interest which he may have in the estate of Anna Streep, deceased. An order was entered by the Supreme Court, Kings county, confirming the report of the official referee containing the above finding and imposing a fine of $298.94 for such contempt. Upon appeal to the Appellate Division, Second Department, the order was affirmed.

The learned official referee to whom this proceeding was referred states in his report that " In December, 1914, I. Newton Streep recovered a judgment for $225.76 against Michael Streep in the Municipal Court, Borough of Brooklyn, transcripts of which were filed in the clerks' offices of the counties of Kings and New York, and execution issued thereunder, which was returned unsatisfied."

On July 15, 1915, an order in proceedings supplementary to execution was issued by a justice of the Supreme Court in the county of Kings directing Michael Streep, the judgment debtor, to appear for examination and enjoining him from disposing of his property. This examination disclosed that he was a partner in the firm of Streep & Hill and that a certain M. P. Gould Company was indebted to that firm in the sum of $526.43. On August 6, 1915, a third party order was issued directing said M. P. Gould Company to appear for examination and enjoining them from disposing of the judgment debtor's property. On this examination it appeared that said M. P. Gould Company was indebted to Streep & Hill in the sum mentioned, and the respondent was then consulted and thereafter took an active part in the affairs of the firm in connection with the judgment. On September 30, 1915, the respondent prepared papers for the incorporation of Streep & Hill. This corporation never issued stock or transacted any business. On the following

day, October 1, 1915, an affidavit in support of a motion to vacate the injunctive provision in the third party order was prepared by Sydney B. Braunberg, a lawyer in respondent's office, and sworn to by Michael Streep, the judgment debtor, before the respondent as notary public. On October 2, 1915, said Braunberg obtained an order to show cause why the injunction should not be vacated. Upon the hearing of the motion the court ruled that the third party order should be vacated unless application were made for the appointment of a receiver. Such application was made and a receiver was appointed by order of October 8, 1915, which enjoined the judgment debtor from disposing of his property. On the same day the respondent prepared and had executed an assignment to Streep & Hill, Incorporated, of the claim which the firm of Streep & Hill had against M. P. Gould Company. No consideration was paid or passed for this assignment.

The respondent's contention that the judgment debtor could not dispose of his share of the partnership property until, after partnership debts had been paid and surplus, if any, ascertained, does not meet the charge against him. The judgment debtor had an interest in the partnership property. To what extent becomes immaterial. The question is: " Was that interest disposed of by the aid or connivance of the respondent for the purpose of defrauding the judgment creditor? "

On that question I find that the respondent did knowingly aid and advise Michael Streep, the judgment debtor, to transfer and dispose of his interest as partner in the firm of Streep & Hill to a fictitious corporation for the purpose of hindering and preventing a judgment creditor from realizing on his judgment, with the knowledge that said Michael Streep had been served with an order of court prohibiting him from transferring or disposing of his property.

The learned official referee also reported that while proof of the conviction of the respondent of a contempt of court for violating its order was submitted he had not allowed it to constitute any part or element of his opinion or finding which rests exclusively on respondent's acts and conduct relating to his part in the judgment debtor's disposal of his property.

While the learned official referee has stated that he had not taken into consideration the contempt proceedings but has reached his conclusion independently thereof and from the evidence adduced before him, this court can certainly take into consideration the fact that upon contempt proceedings in the Supreme Court in Kings county a reference was had to an official referee whose report found the respondent guilty of contempt which report was con-

firmed by the Special Term and affirmed by the Appellate Division in the Second Department. So that it stands now upon two separate investigations of the conduct of the respondent that he did knowingly aid and advise his client, a judgment debtor, to transfer and dispose of his property for the purpose of hindering and preventing a judgment creditor from realizing on his judgment. The evidence fully sustains the finding. It is obvious that such acts constitute misconduct as an attorney at law. The learned referee has also reported that from the testimony it appears that there was a bitter feud between the Streep brothers, and, the respondent being a friend and fellow lodge member of one, sought to protect his interests against the other. There is no evidence that the respondent derived any financial benefit from the transaction.

Members of the bar cannot with impunity aid or advise their clients to disobey injunctive orders of the court nor actively assist, with knowledge, in proceedings by their clients to dispose of their property to fictitious corporations, formed for the purpose, in order to avoid the payment of their just debts, in the face of restraining orders. Mistaken zeal in their client's interest does not excuse such conduct. It must be characterized as illegal and improper. This court, however, may take into consideration the fact that there was no betrayal of the client's interests and that personal gain to the attorney was not the moving cause therefor. We think, therefore, that a condemnation of the acts found to have been committed and a censure of the respondent which is hereby administered, is sufficient punishment.

LAUGHLIN, DOWLING, PAGE and GREENBAUM, JJ., concur.

Respondent censured. Settle order on notice.